UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT KIBODEAUX, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>DCS ALL AMERICAN, LLC<br><br>Defendant. | No: 4:20-cv-04168<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – day rate solids control hands and other similarly situated employees (collectively "Day Rate Employees") – who have worked on behalf of DCS All American, LLC ("DCS" or "Defendant") in the United States.

2. Headquartered in Kingwood, Texas, DCS works as a third-party vendor that provides workers with solids control experience to companies in the oil and gas industry.

3. DCS employs hundreds of Day Rate Employees.

4. Plaintiff and other Day Rate Employees like him regularly worked for Defendant in excess of 40 hours each week. However, Defendant did not pay them overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the Fair Labor Standards Act ("FLSA"), Defendant improperly classified Plaintiff and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation.

6. Defendant at all times relevant have had direct control over Day Rate Employees' day-to-day activities. In this regard, Day Rate Employees receive daily instructions and job assignments from DCS. Companies that DCS contracted with provide Day Rate Employees with the equipment they required to do their jobs. Day Rate Employees are wholly economically dependent on Defendant, as they only receive payment for days that they work.

7. Day Rate Employees do not incur operating expenses like rent, payroll, marketing, and insurance.

8. The services rendered by Day Rate Employees are an integral part of Defendant's businesses of oil and gas production.

9. Despite having substantial custody and control over Day Rate Employees and being their employer, Defendant misclassified them as independent contractors to avoid paying overtime compensation.

10. Plaintiff brings this action on behalf of himself and similarly situated current and former Day Rate Employees who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that has deprived Plaintiff and similarly situated employees of their lawfully earned wages.

## II. JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12. Venue is proper in the Western District of Texas, Midland Division pursuant to 28 U.S.C. § 1391(b) because Defendant operate business in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

## III. THE PARTIES

**Robert Kibodeaux**

13. Robert Kibodeaux ("Plaintiff" or "Kibodeaux") is an adult individual who is currently a resident of the State of Louisiana.

14. Kibodeaux worked for Defendant as a solids control hand from approximately September 2017 through January 2020. During his employment, Kibodeaux was assigned to work by DCS who also compensated for the work he performed.

15. A written consent form for Kibodeaux is being filed with this Collective Action Complaint.

16. Kibodeaux brings this action on behalf of himself and all other similarly situated Day Rate Employees who were paid a day rate and did not receive overtime compensation.

17. The class of similarly situated employees or potential class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER DAY RATE EMPLOYEES WHO PROVIDED SERVICES ON BEHALF OF DCS ALL AMERICAN, LLC WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY RATE DURING THE LAST THREE YEARS ("Collective Members").**

**DCS All American, LLC**

18. Based on information and belief, DCS All American, LLC has owned and/or operated DCS during the relevant time period.

19. DCS All American, LLC is a domestic for-profit corporation organized and existing under the laws of Texas.

20. DCS All American, LLC's main corporation headquarters and business address is 3403 Forest Row Dr., Kingwood, TX 77345.

21. At all relevant times, DCS All American, LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

22. DCS All American, LLC applies the same employment policies, practices, and procedures to all Day Rate Employees assigned to job sites regardless of location.

23. DCS All American, LLC may be served through its registered agent: United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

### IV.     COVERAGE UNDER THE FLSA

24. At all times hereinafter mentioned, Defendant has been and employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, Defendant has been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Defendant has and have had an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Plaintiff and Collective Members were engaged in commerce or in the production of goods for commerce.

## V.     FACTS

28. Kibodeaux and those similarly situated to him worked for Defendant as Day Rate Employees.

29. Kibodeaux worked for Defendant as a solids control hand from approximately September 2017 through January 2020.

30. Defendant classified Kibodeaux as an independent contractor during his employment.

31. During his employment, Kibodeaux performed work on behalf of Defendant at various job sites in Texas and Oklahoma.

32. During the course of his employment, Kibodeaux regularly worked over 40 hours per week.

33. During his employment, Kibodeaux generally to worked 87.5 hours per week.

34. As a result, Kibodeaux consistently worked over 40 hours per week.

35. Defendant paid Kibodeaux with a set day rate regardless of the number of hours worked.

36. Kibodeaux's primary duties were technical and consisted of well-established testing procedures. As a result, Kibodeaux had primarily non-exempt job duties.

37. Although Defendant classified Kibodeaux as an independent contractor, Defendant exercised custody and control over all material aspects of his employment and the performance of his job.

38. No real investment was required of Kibodeaux to perform his job duties. In this regard, the contracting companies provided Kibodeaux with the equipment used to perform his job duties.

39. The services rendered by Kibodeaux was an integral part of DCS's business of oil and gas production, and an integral part of DCS's business of providing services to its customers.

40. Upon information and belief, Defendant did not keep accurate records of hours worked by Bruton and similarly situated employees.

## VI. FLSA VIOLATIONS

41. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1.5 times the regular rates for which they were employed.

42. Defendant, knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Collective Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

43. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. COLLECTIVE ACTION

44. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the members of the Collective.

45. Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked for Defendant as Day Rate Employees and other similar titles companywide who elect to opt-in to this action (the "FLSA Collective").

46. Defendant is liable under the FLSA for *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

47. Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation when they worked beyond 40 hours in a workweek.

48. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

49. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

50. This policy and pattern or practice includes, but is not limited to, willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the correct premium overtime wages for hours that they worked in excess of 40 hours per workweek and failing to maintain accurate records of hours worked by its employees, including Plaintiff and the FLSA Collective.

51. Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay overtime pay.

52. Defendant is aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective no less than 1.5 times their regular rates of pay for all overtime hours worked.

53. Plaintiff and the FLSA Collective perform or performed the same primary duties.

54. There are many similarly situated current and former Day Rate Employees who have been undercompensated in their overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

55. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

56. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## VIII. RELIEF SOUGHT

Plaintiff, individually, and on behalf of the FLSA Collective respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Day Rate Employees and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendant nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pays and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA.

D. Reasonable attorneys' fees and costs of the action; and

E. Such other relief as this Court shall deem just and proper.

Dated: December 7, 2020

        Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
Jfitapelli@fslawfirm.com
aortiz@fslawfirm.com

*Attorneys for the Plaintiff and Putative Class & Collective*